UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| HWAN KIM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAOUD LLC,<br><br>　　　　　Defendant. | Case No.: SACV 21-01609-CJC(ADSx)<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 16]** |

## I. INTRODUCTION & BACKGROUND

On September 30, 2021, Plaintiff Hwan Kim filed this lawsuit against Defendant Daoud LLC alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter

"Compl."].)  The Court declined to exercise jurisdiction over Plaintiff's Unruh Act claim. (Dkt. 12 [Order Declining to Exercise Supplemental Jurisdiction].)

Due to a stroke and spinal injury, Plaintiff must use a wheelchair for mobility. (Compl. ¶ 1.)  In August 2021, Plaintiff visited Defendant's property, a grocery store located at 2230 W. Valencia Dr., Fullerton, California (the "Business").  (Compl. ¶¶ 2, 10.)  Plaintiff encountered barriers that interfered with his ability to enjoy the goods and services offered at the Business, including a parking space that was not level with its accompanying access aisle and an improperly marked parking space. (Compl. ¶¶ 13, 23, 25.)  Plaintiff would like to return to the Business but is deterred from doing so by the abovementioned obstacles.  (Compl. ¶ 14.)

Plaintiff served Defendant on October 29, 2021, (Dkt. 13 [Proof of Service]), such that Defendant's response to Plaintiff's Complaint was due on November 19, 2021. Defendant has not responded to Plaintiff's Complaint or otherwise appeared in this matter.  Plaintiff requested the Clerk enter default against Defendant, (Dkt. 14 [Request to Enter Default]), and the Clerk entered default on November 29, 2021 (Dkt. 15 [Entry of Default]).  Now before the Court is Plaintiff's Motion for Default Judgment.  (Dkt. 24-1 [Motion for Default Judgment, hereinafter "Mot."].)  For the following reasons, the motion is **DENIED**.[1]

\\
\\
\\
\\

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 10, 2022, at 1:30 p.m. is hereby vacated and off calendar.

## II. DISCUSSION

### A. Jurisdiction and Service of Process

In considering whether to enter default judgment against a defendant, a court must first determine whether it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Courts must also determine whether there was sufficient service of process on the party against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

The Court has federal question jurisdiction over Plaintiff's ADA claim. *See* 42 U.S.C. §§ 12101, *et seq.* It has personal jurisdiction over Defendant because it owns, leases, or operates the Business, which is located in this district. (*See* Compl. ¶¶ 2, 10.) And there has been adequate service of process pursuant to the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4 provides that proper service on a business entity can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law allows a plaintiff to serve a business entity by personally serving the person designated by the business for service of process. Cal. Code Civ. Pro. 416.10(a). Plaintiff personally served Georg Daoud, Defendant's agent for service of process. (*See* Proof of Service.)

### B. Requirements for Default Judgment

In assessing whether a default judgment is appropriate, the Court must consider certain procedural and substantive requirements. Because Plaintiff fails to meet the substantive requirements for default judgment, the Court does not evaluate the procedural

requirements here. The substantive factors for default judgment are laid out in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). These include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471–72. Here, Plaintiff has made an insufficient showing that removal of the alleged barriers are readily achievable, leaving in doubt the merits of his case. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). In Plaintiff's Motion for Default Judgment, he argues that whether removal of a barrier is "readily achievable" is an affirmative defense that Defendant has waived by not responding to his Complaint. (Mot. at 4.) That is not so. In a recent decision, *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020), the Ninth Circuit adopted a burden-shifting framework for addressing whether removal of barriers is readily achievable. As part of that framework, ADA plaintiffs bear the initial burden of "plausibly show[ing] how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Id*. at 1038. Only then does the burden shift to ADA defendants to show that removal of a barrier is not readily achievable. *Id*. at 1038-39.

Since *Lopez* was decided, courts in this district have routinely denied motions for default judgment in ADA cases like the present action where the plaintiff asserts only conclusory allegations that removal of a barrier is readily achievable, relying instead on an argument that the defendant, by failing to appear, has waived such a defense. *See Whitaker v. Franklin Plaza LLC*, 2021 WL 3163308, at *4 (C.D. Cal. Apr. 29, 2021);

*Dunn v. Abrahamian*, 2021 WL 1570831, at *2 (C.D. Cal. Mar. 9, 2021); *Garcia v. Diaz*, 2021 WL 4776009, at *3 (C.D. Cal. Feb. 8, 2021); *Smith v. Hawthorne*, 2021 WL 3772680, at * 3 (C.D. Cal. Feb. 11, 2021); *Bouyer v. Shaina Prop., LLC*, 2020 WL 7775618, at *2 (C.D. Cal. Nov. 2, 2020); *Garcia v. Atl. Repetto LLC*, 2021 WL 4776002, at *6 (C.D. Cal. Apr. 29, 2021).

Here, Plaintiff's Complaint contains no allegations regarding whether removal of the alleged barriers at the Business is readily achievable. The present motion likewise contains no assertion or evidence pertaining to the same. Thus, Plaintiff has not made a sufficient showing that "the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez*, 974 F.3d at 1038.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE**. The Court will not require Plaintiff to amend his Complaint, but he must make some showing in a renewed motion that the cost of removing the alleged barriers does not exceed the benefits of removal under the circumstances. Plaintiff shall file a renewed motion for default judgment by **January 31, 2022**.

DATED:    January 4, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE